# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 1:12-CR-35 (WLS) |
| CECILIA ROSENBERT, | : |
| Defendant. | : |

## **ORDER**

Before the Court is Defendant's Motion in Limine to Hold a *James* Hearing and for Full Disclosure of Evidence Pursuant to Rule 801(d)(2)(E). (Doc. 265.) For the following reasons, Defendant's Motion in Limine to Hold a *James* Hearing and for Full Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) (Doc. 265) is **DENIED.**

On November 15, 2012, a Grand Jury indicted Defendant on one count of conspiracy to possess with intent to distribute cocaine, marijuana, and crack cocaine with various indicted co-defendants, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) & (iii). (Doc. 1 at 1.) Defendant filed the instant Motion on September 16, 2013. (Doc. 265.) The Government responded on September 20, 2013. (Doc. 270.)

The Federal Rules of Evidence dictate that a "statement offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy" is admissible as non-hearsay. FED. R. EVID. 801(d)(2)(E). To introduce statements of coconspirators, "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and

1

in furtherance of the conspiracy." *United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (citing *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991)). The coconspirator statements sought to be introduced may be used to establish those factors, which are referred to as "*Schlei* factors." *See Bourjaily v. United States*, 483 U.S. 171, 181 (1987).

Before a coconspirator statement may be introduced to a jury, the government must demonstrate, either in a pre-trial hearing *or during the government's case in chief*, "at least enough substantial, independent evidence of a conspiracy to take the issue to the jury, and that there is similarly substantial, independent evidence linking the defendant against whom the evidence is offered to the conspiracy." *United States v. Gold*, 743 F.2d 800, 813-14 (11th Cir. 1984) (citing *United States v. James*, 590 F.2d 575, 580-82 (5th Cir. 1979)). Before the jury retires to deliberate, the trial judge must make a factual determination that the prosecution has demonstrated the *Schlei* factors by a preponderance of the evidence. *Id.* at 814. If the government does not meet its burden under *Schlei*, the court may strike the evidence or give a cautionary instruction to the jury. *Id.* (citation omitted).

A *James* hearing derives its name from *United States v. James*, 590 F.2d 575 (5th Cir. 1979), which held that trial judges should, "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." *Id.* at 582. Defendant argues that the Court should hold a *James* hearing before coconspirator statements are introduced to the jury because, without such a hearing, "it will be next to impossible to sort out which evidence actually should be considered applicable to some defendants and not others." (Doc. 265 at ¶ 11.) Defendant acknowledges that a *James* hearing is not mandatory, *see*

*United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986), but claims that the hearing "would best serve the interests of all parties and would serve the best interests of justice as well." (Doc. 264 at ¶ 12.) Defendant offers no particularized support for this contention.

Upon review of the record before the Court, and the arguments of the parties, the Court finds that a *James* hearing is not necessary to protect Defendant's rights. Instead, the Court will rule on the admissibility of coconspirator statements at trial. As such, Defendant's Motion in Limine to Hold a *James* Hearing and for Full Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) (Doc. 265) is **DENIED.** Nothing herein relieves the Government of its affirmative duty to establish the legal and factual basis for the admission of any purported coconspirator statement.

**SO ORDERED**, this  2nd  day of October, 2013.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

3